IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-10-106 |
| v. | § | (C.A. No. C-11-203) |
| | § | |
| RENE ROMAN BUSTAMANTE, | § | |
| | § | |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND ORDER <u>DENYING CERTIFICATE OF APPEALABILITY</u>

Pending before the Court is Rene Roman Bustamante's (Bustamante) motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, along with his Memorandum in support. D.E. 21, 22.[1] Also before the Court are the government's combined response and motion to dismiss, and defense counsel's affidavit. D.E. 33, 35. Bustamante filed a reply. D.E. 37. For the reasons set forth herein, the Court denies Bustamante's § 2255 motion. The Court also denies him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### BACKGROUND

Bustamante was indicted in February 2010 for illegal reentry in violation of 8 U.S.C. §§ 1326(a), 1326(b). He was arrested two days later. See Minute Entry December 12, 2010. Bustamante

---

[1] Docket entry references are to the criminal case.

1

made his initial appearance in federal court the day of his arrest and was appointed counsel that same day. D.E. 5, 7. He was arraigned shortly thereafter. Minute Entry February 18, 2010.

Bustamante entered into a plea agreement with the government and was rearraigned on March 15, 2010. D.E. 10. In exchange for his guilty plea, the government agreed to recommend that he receive maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range. D.E. 10 at ¶ 2. After rearraignment, the Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 11.

The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Bustamante's offense level was increased by 16 points based upon his prior crime of violence or his prior alien smuggling conviction. D.E. 11 at ¶ 12 (U.S.S.G. § 2L1.2(b)(1)(A). Bustamante's total offense level was calculated to be 21, after credit for acceptance of responsibility. Id. at ¶¶ 16- 20. He had 8 criminal history points, but 3 points were added because he was still on supervised release for his alien smuggling conviction and his illegal reentry occurred less than 2 years after his release from custody for alien smuggling. Id. at ¶¶ 26-28.  Bustamante's total criminal history points were 11, resulting in application of criminal history category V. Id. at ¶ 23. The Guideline range of imprisonment was calculated to be 70-87 months. Id. at ¶ 42. Counsel filed no objections to the PSR. Minute Entry June 18, 2010. .

Sentencing was held on June 18, 2010. D.E. 24. The Court sentenced Bustamante to 70 months in the Bureau of Prisons to run concurrently with the revocation of Bustamante's supervised release (Cr. 2:04-216), three years supervised release, and a $100 special assessment. Id. The Court advised Bustamante of his right to appeal. D.E. 30 at 6.

Judgment was entered on the docket on June 29, 2010. D.E. 18. Bustamante did not appeal. He filed his motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 on June 4, 2011. D.E. 21. It is timely.

### III.  MOVANT'S CLAIMS

Bustamante asserts the following claims of ineffective assistance on the grounds that counsel failed to 1) file a notice of appeal as requested and 2) object to the 16 point enhancement because he was not deported after leaving the custody of the State of Texas and entering federal custody. D.E. 21. Bustamante attached his Declaration in support of his motion to vacate. D.E. 22-1.

The government responds that Bustamante's claim to sentencing error is without merit and should be dismissed. The government conceded that a hearing was required on the claim that counsel failed to file a notice of appeal. D.E. 33.

### IV.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

3

**B.**     **Standard for Claims of Ineffective Assistance of Counsel**

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[2]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The prejudice standard differs for a claim that counsel failed to consult with him about filing an appeal and also failed to file a notice of appeal as directed. If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a

---

[2] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

showing that the appeal would be meritorious. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 486, 120 S.Ct. 1029 (2000); cf. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007); see also United States v. Harger, 354 Fed. Appx. 151 at *1 (5th Cir. Nov. 19, 2009) (designated unpublished) (reversing and remanding for evidentiary hearing on this issue). A district court may deny a § 2255 motion without a hearing only if the evidence conclusively shows that the prisoner is not entitled to relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

**C.     Claim that Counsel Failed to File a Requested Notice of Appeal**

In his motion, Bustamante claims that immediately after sentencing, he notified counsel that he wished to appeal. D.E. 21 at 5.

The government obtained an order from this Court requiring counsel to file an affidavit. In his affidavit, counsel denied that Bustamante ever requested that he file a notice of appeal. D.E. 35 at ¶ 6. To resolve the factual dispute, the Court appointed counsel for Bustamante and held an evidentiary hearing on March 21, 2012. D.E. 38.

During the evidentiary hearing, Bustamante testified that he told counsel after sentencing that he wanted to appeal and on the telephone, three days after sentencing, he again told counsel that he wanted to appeal. Bustamante claimed that he and counsel discussed the possible merits of an appeal and counsel was not encouraging, but when Bustamante told counsel he wanted to file an appeal, counsel said he would do it. Bustamante testified that he tried to call counsel 2-3 times in the weeks after sentencing, but no one ever answered the phone. Bustamante testified he asked his sister to call, but counsel was never in his office.

Defense counsel testified during the hearing that although he does not specifically recall their conversations, the purpose of his telephone call to Bustamante three days after sentencing was to

5

determine whether Bustamante wanted to appeal. His file does not reflect the outcome of the conversation, but if Bustamante had asked him to file a notice of appeal, he would have done so.

Counsel is the head of the local office of the Federal Public Defender (FPD). He has been an attorney since 1995 and has represented Bustamante on two prior occasions. His office recognizes that it is important to ascertain whether a client wishes to appeal. The defendant's decision whether to appeal has the same level of importance as whether to go to trial or plead guilty. The FPD has an appellate section in Houston. Once a defendant advises that he wishes to appeal, the local attorney files the notice and then sends the file to the Houston office to prosecute the appeal. If Bustamante had told counsel that he wanted to appeal, counsel would have filed the notice of appeal.

Counsel recalled that months after sentencing, he received requests from Bustamante and from a woman, maybe his sister, for copies of transcripts. He sent the only transcript he had to Bustamante. Counsel thinks that the telephone call three days after sentencing was the last time he spoke to Bustamante. Counsel testified that his phone is answered by voice mail 24 hours a day if he is not available. Counsel did not receive a phone message that Bustamante wanted to appeal.

At the conclusion of the hearing, the Court found counsel's testimony to be credible, in part because of the Court's familiarity with the practices of the Federal Public Defender's Office. Bustamante's claim that he told counsel to file a notice of appeal and counsel did not do so is denied.

### D.     Claims of Ineffective Assistance at Sentencing

Bustamante also claims that counsel was ineffective at sentencing because counsel failed to object to the 16 level enhancement. He claims that the enhancement should not apply because he was not deported after being released from custody by the State of Texas and before his arrest on federal charges.

The record reflects that Bustamante was arrested in February 2010 for illegal reentry in May 2006 after Bustamante was found near Houston, Texas. D.E. 1. Bustamante was sentenced in October 2004, after his guilty plea to transport of an unlawful alien in Cr. 2:04-216. D.E. 23 at 3 (Cr. 2:04-216). He remained in federal custody until March 2, 2005, and was deported the following day. Id. In April, 2005, approximately a month after he was deported, Bustamante was arrested by Harris County authorities for failure to identify himself, served thirty days, and was released. Thereafter, he was convicted on state burglary charges in 2006, and served time in the state penitentiary. Id. at 3-5. The federal court had a detainer on Bustamante for violation of the terms of federal supervised release in Cr. 2:04-216. Id. After Bustamante completed his state sentence, he was released into federal custody. He was sentenced in January 2010 to 24 months imprisonment for his violation of the terms of his federal supervised release. See id. at 16.

In the Illegal Reentry case, the Probation Department included a 16 point enhancement based upon alternative events, Bustamante's felony burglary conviction, which is a crime of violence, or his conviction for transportation of an unlawful alien. D.E. 14 at ¶ 12. Subsection 2L1.2(b)(1)(A) provides,

> (b) Specific Offense Characteristic
>
> (1) Apply the Greatest:
>
> If the defendant previously was *deported*, *or unlawfully remained* in the United States, after–
>
> > (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) *a crime of violence*; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) *an alien smuggling offense*, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points . . . .

7

Id. (emphasis added). Thus, if either enhancement is proper, Bustamante's guideline calculation is proper.

Bustamante was convicted of Transportation of an Unlawful Alien within the United States pursuant to 8 U.S.C. §§ 1324(a)(1)(A) (ii), 1324(a)(1)(B)(ii). D.E. 14 (Cr. 2:04-216 ). "[T]he term 'alien smuggling offense,' as used in U.S.S.G. § 2L1.2(b)(1)(A) includes the offense of transporting aliens within the United States." United States v. Leonides-Jaimes, 72 Fed. Appx. 958 at *1 (5th Cir., Aug. 20, 2003) (per curiam) (designated unpublished) (affirming enhancement). The enhancement for an alien smuggling offense is proper.

As to Bustamante's claim that he was not deported between his release from state custody and his federal incarceration, that claim has no merit. Subsection 1326(a) applies to any alien who has been deported and thereafter enters or is at any time found in the United States unless before reentry the alien has applied for permission from the Attorney General to reenter the United States. 8 U.S.C. § 1326(a). Bustamante was deported after he was convicted of an alien transporting offense. This ground fails.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Bustamante has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires


an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Bustamante is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Bustamante's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 21) is DENIED. He is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 2nd day of May, 2012.

                                            JOHN D. RAINEY
                                      SENIOR U.S. DISTRICT JUDGE